IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-02272-WYD-KMT

AURORA LOAN SERVICES, LLC, f/k/a AURORA LOAN SERVICES, INC.,

      Plaintiff,

v.

SCME MORTGAGE BANKERS, INC.,

      Defendant.

_____

## ORDER OF DEFAULT JUDGMENT AGAINST DEFENDANT

_____

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Judgment Under FRCP 55(b)(2).  A hearing was held on this motion on Thursday, April 9, 2009.  For the reasons stated below, Plaintiff's motion is granted.

I first address the procedural history of the case.  Plaintiff sues for breach of contract.  The Amended Complaint alleges that from 1998 until 2007, Lehman and Plaintiff Aurora Loan Services LLC ["Aurora"] purchased mortgage loans from SCME Mortgage Bankers, Inc. ["SCME"] pursuant to a series of written contracts (*i.e.*, purchase loan agreements, one of which is dated February 4, 2005).  With respect to certain of these mortgage loans, it is alleged that SCME breached representations, warranties and/or covenants and other provisions of the purchase loan agreements. The agreements and the Seller's Guide incorporated therein provide that in the event of a breach, Lehman and Aurora may demand that SCME repurchase the loans and/or indemnify Lehman and Aurora.

The Amended Complaint asserts that Aurora made demand on SCME that it repurchase the loans and/or make proper indemnification and that SCME refused to comply with these obligations.  The Amended Complaint sought to: (a) compel SCME, pursuant to the terms of the agreements, to repurchase the mortgage loans for which Lehman paid approximately $ 8.0 million, and (b) recover money damages where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained.

As set forth in an Affidavit of Service filed November 14, 2007, SCME was served on October 29, 2007.  It filed an answer through counsel on January 10, 2008. SCME also filed a Motion for Partial Summary Judgment on April 24, 2007 which was fully briefed by all the parties.

On July 25, 2008, defense counsel for SCME filed a motion to withdraw noting that SCME was assigned for the benefit of creditors, that the assignee of all of SCME's property and assets is Corporate Management, Inc., and that defense counsel does not represent Corporate Management, Inc.  A Notice of Filing of Assignment for Benefit of Creditors was filed by SCME on August 8, 2008.  On September 15, 2008, SCME filed an unopposed motion to strike the answer.

At a status conference before Magistrate Judge Tafoya on September 16, 2008, she granted the motion to strike the answer.  Thus, SCME's answer was stricken.  Also, SCME withdrew its Motion for Partial Summary Judgment.  Finally at the status conference, Magistrate Judge Tafoya granted the motion to withdraw of counsel for SCME.

On September 17, 2008, Aurora filed an uncontested motion for entry of SCME's default under Fed. R. Civ. P. 55(a).  The motion noted that because the answer was stricken, SCME has failed to plead or otherwise defend this matter.  It further noted that since SCME no longer had counsel, it was not entitled to appear in this Court.  An entry of default was entered by the Clerk's office on September 24, 2008.

On December 5, 2008, Plaintiff Aurora filed its motion for default judgment, along with numerous attachments including a Declaration and other exhibits that support the motion and the damages, costs and attorneys' fees sought therein.  The motion seeks damages in the amount of $7,691,542.00 as of June 16, 2008.  Aurora asserts in the motion that this is a sum certain based on the repurchase price of each loan which is governed by a formula set forth in the Seller's Guide incorporated into the purchase price agreements.  Aurora tendered an affidavit of an expert, Edward McDonough, who did a calculation of this amount.  That amount also includes an award of prejudgment interest in the amount of 9% from the breach, which the motion asserted continues to accrue.  Aurora states that this award of prejudgment interest is required because the agreements at issue are governed by New York law, and New York law provides for mandatory prejudgment interest in this amount.

Finally, Aurora's motion for default judgment seeks an award of attorney fees in the amount of $384,176.67 and expenses as part of the attorneys' fee award in the amount of $24,771.69, totaling $408.948.36.  This is sought pursuant to the Seller's Guide which provides that SCME, the Seller, "agrees that it sh al pay the reasonable attorney's fees of Purchaser incurred in enforcing Seller's obligations hereunder, including, without limitation, the repurchase obligation. . . ."  (Spohn Decl., Ex. C to Mot.

-3-

for Entry of Default J. Under FRCP 55(b)(2) at § 711).  The fees were requested in the Amended Complaint.

Turning to my analysis, I find from my review of the motion and from argument at the hearing that a default judgment is proper pursuant to FED. R. CIV. P. 55(b)(2) since no answer or other responsive pleading by SCME is currently filed in the case.  Thus, the Motion for Entry of Default Judgment Under FRCP 55(b)(2) is granted.

As to damages, I find that the damages are for a sum certain pursuant to Rule 55(b)(1), since they are based on a formula set forth in the terms of the Sellers Guide which are incorporated into the Purchase Loan Agreements between the parties.  I further find that Aurora has established that the calculation of the damages pursuant to this formula which was performed by expert McDonough is accurate and that Aurora is entitled to the full amount of damages sought in its motion for default judgment.  I also find that prejudgment interest should be awarded since the agreements at issue provide for such an award.  Pursuant to New York law which governs such an award (as per the agreements), prejudgment interest is awarded from at the rate of 9% per annum.  *See* New York Civil Practice Law and Rules, §§ 5001 and 5004.  As of June 16, 2008, the damages awarded, including prejudgment interest, is $7,691,542.00.  While Plaintiff's motion also requested prejudgment interest that has accrued since June 16, 2008, this request was withdrawn at the hearing.  Thus, the amount of damages awarded, including prejudgment interest, is $7,691,542.00.

Finally, I address the request for attorneys' fees.  I find that Aurora is entitled to an award of reasonable attorney's fees under the applicable agreements.  The issue then becomes whether the fees sought are reasonable.  The declaration of Matthew

Spohn (Exhibit A to the motion) sets forth the fees that Aurora seeks, and attaches a billing summary of the work incurred in this case.  As noted above, the amount of attorney fees sought (irrespective of expenses) is $384,176.67.

I now turn to the reasonableness of attorney fees.  The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Thus, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee.  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations omitted)  "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'"  *Id.* (quotation omitted).  "The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled."  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986).

A number of factors should be considered by the court in determining the reasonableness of the fees.  *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). Among the factors to be considered are (1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) 'potential duplication of services' by multiple lawyers.  *Id.*  "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace

under similar circumstances." *Id.* The court should also consider whether the documentation of the hours is appropriate. *Hensley*, 461 U.S. at 433.

In the case at hand, I find that a reduction in the amount of attorneys' fees sought is appropriate. There were a number of attorneys working on the case, and I find that there is a duplication of services in some of the fees sought. As stated at the hearing, I find the fees should be reduced from $384,176.67 to $290,000.00.

Finally, Aurora also seeks reimbursement of $24,771.69 as part of the attorneys' fee award for expert witness fees, electronic document control charges, travel expenses for out-of-state depositions, meetings with experts, and online research fees. I find that an award of such fees may be appropriate as part of the "attorney's fee" award. See *Ramos*, 713 F.2d at 559 (items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances if reasonable in amount). I find that an award of these costs is appropriate since Aurora has established that these charges were actually billed to Aurora in accordance with its attorneys' normal practice. I further find that these expenses are reasonable and award the full amount of such expenses.

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Entry of Default Judgment Under FRCP 55(b)(2) (Doc. # 72) is **GRANTED**. In accordance therewith, it is

ORDERED that the Clerk of Court shall enter a default judgment against Defendant in the amount of **$7,691,542.00** (representing damages and prejudgment interest to June 16, 2008). It is

FURTHER ORDERED that the default judgment shall also include an award of attorneys' fees in the amount of $290,000.00 plus $24,771.69 in expenses. The total amount of attorneys' fees awarded is **$314,771.69.00**.

Dated:  April 16, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge